MINNESOTA MINING AND MANUFAC-
TURING COMPANY, Plaintiff-
Appellant,

v.

PERMACEL–LePAGE'S INC., a dissolved
corporation, Defendant-Appellee,

and

Johnson & Johnson, a corporation,
Defendant-Intervenor, Appellee.

No. 14424.

United States Court of Appeals
Seventh Circuit.

June 25, 1964.

Rehearing Denied July 29, 1964.

Edward A. Haight, Britton A. Davis, Chicago, Ill., Harold J. Kinney, Stanley G. De La Hunt, St. Paul, Minn., for appellant.

Sidney Neuman, Thorley Von Holst, Robert L. Austin, Charles A. Laff, Chicago, Ill., Harold Haidt, Alexander T. Kardos, New Brunswick, N. J., for appellee.

Before CASTLE, KILEY and SWYGERT, Circuit Judges.

CASTLE, Circuit Judge.

Minnesota Mining and Manufacturing Company, plaintiff-appellant, owner of Oace et al. Reissue Patent No. 23,843, covering an insulating tape,[1] brought suit in the District Court charging infringement of the patent. The original defendant, Permacel-Le Page's Inc., has been dissolved and its industrial tape business has been continued as the Permacel division of defendant-intervenor-appellee, Johnson & Johnson. Following a trial on the issues of validity and infringement the District Court made and entered detailed findings of fact and conclusions of law on the basis of which it entered judgment holding the claims in issue (Claims 1, 3, 4, 6, 7, 8 and 9)

valid but not infringed by the accused tapes manufactured and sold by the defendants. The plaintiff appealed from the judgment entered for defendants and asserts the court erred in concluding that defendants' tapes do not infringe the patent.

The reissue patent in suit has been the subject of other litigation.[2] It was before this Court in Minnesota Mining and Manufacturing Company v. Technical Tape Corp., 7 Cir., 309 F.2d 55, where it was held valid and infringed. Typical claims 1 and 6 are set out in full in Sears, Roebuck and Company v. Minnesota Mining and Manufacturing Company, 4 Cir., 243 F.2d 136, footnote at pages 137–138, and the nature of the subject matter of the patent, the problems it overcame, and the novel features of the invention are described in some detail in Technical Tape, supra, 309 F. 2d at pages 56–57. They will not be repeated here.

Consideration of the claims of the patent in the light of the specifications (Sherbatskoy v. United States Steel Corp., 7 Cir., 287 F.2d 552, 556) reveals that Reissue Patent No. 23,843 is a combination patent and that the invention claimed is the use of a low molecular weight, liquid or migratory type plasticizer and a high molecular weight resinous or non-migratory type plasticizer, or a synthesis containing a requisite proportion of the two, with a polyvinyl chloride backing[3] and a rubber-resin type adhesive coating to produce an adhesive vinyl plastic insulating tape possessing the qualities and characteristics described. The claims state the proportion of plasticizer materials to polyvinyl material, and to each other, as approximations but within defined limits.

The detailed factual findings of the District Court with respect to the na-

---

1. The patent relates to a stretchable and retractable, pressure-sensitive adhesive vinyl plastic insulating tape. Each of the accused products is such a tape.

2. See cases cited in 309 F.2d 55, footnote 1, page 56.

3. A film-forming polymer of monomers including at least a major proportion of vinyl chloride, or a copolymer of vinyl chloride and a minor proportion of vinyl acetate.

ture of the plasticizers referred to in the patent claims and the nature of the plasticizer contained in the accused tapes are based largely on the testimony of expert witnesses. The scope of our review of such findings is therefore limited by Rule 52(a) of the Federal Rules of Civil Procedure (28 U.S.C.A.) to a determination of whether or not they are "clearly erroneous". Armour & Co. v. Wilson & Co., 7 Cir., 274 F.2d 143, 156; Minnesota Mining and Manufacturing Company v. Technical Tape Corp., 7 Cir., 309 F.2d 55, 57. If they find support in the evidence, albeit they involve the resolution of conflicting testimony, we are bound thereby and there remains but the question of whether or not the court applied the correct legal criteria in reaching the ultimate conclusion it did. Absent a definite or firm conviction that a mistake has been made we must affirm. Cf. United States v. United States Gypsum Co., 333 U.S. 364, 394–395, 68 S.Ct. 525, 541, 92 L.Ed. 746.

Except for conflict in the testimony with respect to the nature of the plasticizing material contained in the accused tapes it is clear from the record, and the District Court so found, that there is no question but what each of the accused tapes respond to the elements of the claims in suit.

■■■■ The District Court found, among other things, that the "liquid" type low molecular weight plasticizers mentioned and referred to in the patent have a specific, as distinguished from an average, molecular weight and are homogeneous materials, the molecules of which are incapable of polymerization; and that in the context of the patent, the

"resinous" or high molecular weight type plasticizer is one produced by a polymerization process and having a heterogeneity of molecules covering a wide range of molecular weights—the "high" molecular weight being an average weight. The court further found that expert analysis of the plasticizer extracted from the backing films of the accused tapes revealed that although low number *average* molecular weight fractions were present in the plasticizer material each such fraction was polymeric and heterogeneous in molecular structure; that none was monomeric with molecules of uniform weight. These findings are supported by substantial evidence in the form of expert testimony. They are also supported by corroborating testimony that in the manufacture of defendants' accused tapes only resinous type plasticizers were used—the commercial products known as G–25 and G–40 which, although containing some very low molecular weight constituents, are resinous rather than liquid in molecular constituency. We perceive no basis for rejecting these factual findings as being clearly erroneous. And, on the basis of these factual findings, the court's conclusion that the accused tapes did not infringe the patent represents the application of correct legal criteria. As heretofore pointed out the claims in suit each involve a combination in which one of the requisite elements is a low molecular weight "liquid" or migratory type plasticizer—one which is homogeneous; in which the molecular weight is specific and uniform rather than average; and which is incapable of polymerization. Whether it is used separately with or in synthesis [4] with the resinous type

4. In Minnesota Mining and Manufacturing Company v. Technical Tape Corp., 7 Cir., 309 F.2d 55, use of a synthesis of "liquid" and "resinous" type plasticizers was held to infringe. The commercial product known as G-50 was found to be such a synthesis containing a low molecular weight fraction (approximately 14%), *liquid and non-resinous*, which functions with the high molecular weight portion (86%) of the synthesis to give the same result as the use of a separate liquid

plasticizer with a resinous one. But in the instant case there is expert testimony that the low weight fractions of the plasticizer present in the accused tapes are polymeric and heterogeneous in molecular structure, which evidence supports the District Court's conclusion that the low weight fractions here involved are *resinous* in character and "clearly are not similar in molecular structure to the simple liquid plasticizers".

plasticizer (but within the limits of the proportions taught by the patent) is unimportant, but it must be so present to constitute an infringement of the combination claimed. A product patent is not infringed by an article which omits one element of the patented structure, though the same result is achieved. Sears, Roebuck and Company v. Minnesota Mining and Manufacturing Company, 4 Cir., 243 F.2d 136.

In view of the above conclusion we deem it unnecessary to discuss other contentions advanced by the parties in support of their respective positions. We have considered them all but find nothing in plaintiff's contentions which would serve to alter the conclusion above expressed.

The judgment order of the District Court is affirmed.

Affirmed.